Asaad K. Siddiqi, Esquire (AS 9150)
Pashman Stein Walder Hayden
A Professional Corporation
Court Plaza South
21 Main St., Suite 200
Hackensack, NJ 07601
(201) 488-8200
(201) 488-5556 fax
asiddiqi@pashmanstein.com

John P. Fuller, Esquire, *pro hac vice pending*
Fuller, Fuller & Associates, P.A.
12000 Biscayne Blvd., Suite 502
North Miami, FL 33181
(305) 891-5199
jpf@fullerfuller.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN DIVISION

| | | |
|---|---|---|
| DENNIS MAURER, Individually, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | |
| | : | Case No. 1:16-cv-01182-NLH-AMD |
| WASHINGTON COMMONS | : | |
| CONDOMINIUM ASSOCIATION, INC., a | : | |
| New Jersey Non Profit Corporation, and CAPE | : | |
| ADVISORS, INC., a New Jersey Corporation, | : | |
| | : | |
| Defendants. | : | |
| _____/ | | |

## **AMENDED COMPLAINT**

Plaintiff, DENNIS MAURER, Individually, on his behalf and on behalf of all other

mobility impaired individuals similarly situated, (sometimes referred to as "Plaintiff"), hereby

sues the Defendants, WASHINGTON COMMONS CONDOMINIUM ASSOCIATION, INC., a

New Jersey Non Profit Corporation, and CAPE ADVISORS, INC., a New Jersey Corporation, (sometimes referred to as "Defendants"), for Injunctive Relief, damages, attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA") and the New Jersey Law Against Discrimination (N.J.S.A.).

1.    Plaintiff, Dennis Maurer, is an individual residing at 8 Prospect Ave, Egg Harbor Township, NJ 08234, in the County of Atlantic.

2.    Defendant, WASHINGTON COMMONS CONDOMINIUM ASSOCIATION, INC., is a New Jersey Non Profit Corporation, is the legal entity responsible for the common areas of the subject condominium.

3.    Defendant, CAPE ADVISORS, INC., a New Jersey Corporation, is the owner and/or operator of the subject property alleged by Plaintiff to be operating in violation of Title III of the ADA.

4.    Defendants' property, Washington Commons, is a shopping center located at 315 Ocean St., Cape May, NJ 08204, in the County of Cape May.

5.    Venue is properly located in the District of New Jersey because venue lies in the judicial district of the property situs.   The Defendants' property is located in and does business within this judicial district.

6.    Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendants' violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.   See also 28 U.S.C. § 2201 and § 2202.

7.      Plaintiff Dennis Maurer is a New Jersey resident, is sui juris, and qualifies as an individual with disabilities as defined by the ADA.   Mr. Maurer has multiple sclerosis and is mobility impaired, and uses a wheelchair for mobility.   Dennis Maurer has visited the subject shopping center, which forms the basis of this lawsuit, and plans to return to the subject property in the near future to avail himself of the goods and services offered to the public at the property.   The Plaintiff has encountered architectural barriers at the subject property.   The ADA violations and barriers to access at Washington Commons are more specifically set forth in this Complaint.   The barriers to access at the property have endangered his safety.

8.      Defendants own, lease, lease to, or operate a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. Defendants are responsible for complying with the obligations of the ADA.   The place of public accommodation that the Defendants own, operate, lease or lease to is known as Washington Commons, and is located at 315 Ocean St., Cape May, NJ 08204.

9.      Dennis Maurer has a realistic, credible, existing and continuing threat of discrimination from the Defendants' non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations in paragraph 10 of this complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendants.   Dennis Maurer desires to visit the subject property not only to avail himself of the goods and services available at the property but to assure himself that this property is in compliance with the ADA so

that he and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

10.     The Defendants have discriminated against the individual Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 et seq.

11.     The Defendants have discriminated, and are continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, inter alia, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendants have 10 or fewer employees and gross receipts of $500,000 or less).   A preliminary inspection of the Washington Commons has shown that violations exist.   These violations that Dennis Maurer personally encountered or observed include, but are not limited to:

**Parking and Exterior Accessible Route**

A.      Parking spaces throughout Washington Commons are not maintained; lack access aisles contain slopes and abrupt changes of level within the spaces, violating Sections 502 and 502.4 of the 2010 Accessibility Standards.  These conditions prevent Mr. Maurer and those in wheelchairs to unload from their vehicles freely and safely.

B.      Curb ramps provided to access stores at Washington Commons are unsafe for wheelchair users and are not provided in some areas of the center. The curb ramps impede access aisles, contain abrupt changes of level, contain cross slopes and slopes beyond the limits, violating Sections 406 and 502.7 of the 2010 Accessibility Standards.

C.      The exterior accessible route from parking spaces at Washington Commons fails to lead to ramps or curb ramps and was found to contain cross slopes and abrupt changes of level, those in wheelchairs can be harmed by these conditions, violating Sections 403.4 and 402 of the 2010 Accessibility Standards.   A safe accessible route for Mr. Maurer is not provided throughout the plaza.

D.      Washington Commons fails to provide a safe accessible route to the adjacent street or sidewalk, violating Section 206.2.1 of the 2010 Accessibility Standards.

11.     All of the foregoing violations are also violations of the 1991 Americans with Disabilities Act Accessibility Guidelines (ADAAG), and the 2010 Standards for Accessible Design, as promulgated by the U.S. Department of Justice.

12.     The discriminatory violations described in paragraph 10 are not an exclusive list of the Defendants' ADA violations.  Plaintiff requires the inspection of the Defendants' place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access.  The individual Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendants' buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendants because of the Defendants' ADA violations, as set forth above.  The individual Plaintiff, and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.  In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendants' place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

13.     Defendants have discriminated against the individual Plaintiff by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq.  Furthermore, the Defendants continue to discriminate against the Plaintiff, and all those similarly situated by failing to

make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

14. Plaintiff is without adequate remedy at law and is suffering irreparable harm. Considering the balance of hardships between the Plaintiff and Defendants, a remedy in equity is warranted. Furthermore, the public interest would not be disserved by a permanent injunction. Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendants pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

15. Defendants are required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that have existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendants' place of public accommodation since January 26, 1992, then the Defendants are required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendants' facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendants'

facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

16.   Notice to Defendants is not required as a result of the Defendants' failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendants have 10 or fewer employees and gross receipts of $500,000 or less).   All other conditions precedent have been met by Plaintiff or waived by the Defendants.

17.   Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendant to alter the Washington Commons to make its facilities readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendants cure its violations of the ADA.

**WHEREFORE,** Plaintiff respectfully requests:

a.   The Court issue a Declaratory Judgment that determines that the Defendants at the commencement of the subject lawsuit are in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.

b.   Injunctive relief against the Defendants including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendants to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that

no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

c.     An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

d.     Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

## COUNT II
## VIOLATION OF NEW JERSEY LAW AGAINST DISCRIMINATION

18.   Plaintiff realleges all prior obligations as if fully set forth herein.  Plaintiff repeats the allegations contained in all of the proceeding paragraphs.

19.   Defendants' facility is a place of public accommodation as defined by N.J.S.A. 10:5-5, (New Jersey Law Against Discrimination).

20.   New Jersey law provides that all persons shall have the opportunity to obtain all the accommodations, advantages, facilities and privileges of any place of public accommodation without discrimination on the basis of disability.  This opportunity is recognized and declared to be a civil right.   (See, N.J.S.A. 10:5-4.)

21.   As a result of the aforementioned discrimination, Plaintiff Dennis Maurer has sustained emotional distress, mental anguish and suffering and humiliation, and other injuries, in violation of the New Jersey Law Against Discrimination.

**WHEREFORE**, Dennis Maurer demands judgment for damages, attorneys' fees, litigation expenses, including expert fees and costs pursuant to the New Jersey Law Against Discrimination.

Respectfully Submitted,

Asaad K. Siddiqi, Esquire (AS 9150)
Pashman Stein Walder Hayden
A Professional Corporation
Court Plaza South
21 Main St., Suite 200
Hackensack, NJ 07601
(201) 488-8200
(201) 488-5556 fax
asiddiqi@pashmanstein.com


John P. Fuller, Esquire, *pro hac vice pending*
Fuller, Fuller & Associates, P.A.
12000 Biscayne Blvd., Suite 502
North Miami, FL 33181
(305) 891-5199
(305) 893-9505 - Facsimile
jpf@fullerfuller.com

By: */s/ Asaad K. Siddiqi*
     Asaad K. Siddiqi, Esquire (AS 9150

Attorneys for Plaintiff Dennis Maurer, Individually

Date: July 11, 2016

9

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this day of July 2016, a true and correct copy of the foregoing was electronically filed with the Court via the Court's CM/ECF System.

AND I HEREBY CERTIFY that the foregoing was delivered U.S. Mail to: WASHINGTON COMMONS CONDOMINIUM ASSOCIATION, INC., c/o Wilkin Management Group, Registered Agent, 45 Whitney Rd., Mahwah, NJ 07430.

I FURTHER CERTIFY that the foregoing will be served upon Defendant CAPE ADVISORS, INC. by service of process.

By:     */s/ Asaad K. Siddiqi*
         Asaad K. Siddiqi, Esquire (AS 9150

Date: July 11, 2016